UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bobby Jenkins, | ) | C/A No. 5:15-cv-00248-RMG-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| South Carolina Department of Corrections; Brian P. Stirling, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This case was removed to the United States District Court for the District of South Carolina by Defendants in a state court action filed by Bobby Jenkins ("Plaintiff") pro se, in the South Carolina Court of Commons Pleas in Greenville County.

I.     Factual and Procedural Background

According to the state-court Complaint filed by Plaintiff, Defendants are liable to Plaintiff for negligence and/or other torts allegedly committed by at least one member of the staff at Perry Correctional Institution. ECF No. 1-1. Plaintiff alleges that a staff member wrongly and in violation of policy and state statutes refused to assist Plaintiff in making copies of documents that Plaintiff intended to use to file a medical malpractice lawsuit and a post-conviction relief application. *Id*. at 5. The state-court Complaint contains specific allegations in the introductory paragraph to the effect that Plaintiff filed the complaint as a "civil action/tort claim for violation of state law and /or SC Const. Rights pursuant to protections under SC Tort Claims Act § 15-78-10 et. seq and the Uniform Declaratory Judgment Act § 15-53-10 et. seq." ECF No. 1-1 at 1. The section numbers that Plaintiff cites correspond with the South Carolina Code section numbers for the "Acts" to which he specifically refers. Within the body of the state-court Complaint, there is

minimal use of certain phrases often associated with claims arising under federal constitutional amendments, references to certain "amendments" that are found in the United States Constitution's Bill of Rights, and some citations to federal case law. ECF No. 1-1 at 5-6, 7, 9, 12-14. Defendants state in their Notice of Removal that they are removing the case "on the grounds that Plaintiff's Complaint alleges causes of action under the United States Constitution and 42 USC §1983." ECF No. 1 at 1.

Following initial review of the Notice of Removal and the attached state-court Complaint, along with the allegations in support of federal subject-matter jurisdiction made in the Notice of Removal, the court determined the allegations of the state-court Complaint were ambiguous regarding Plaintiff's intent to raise any federal-law-based claims or only claims governed by South Carolina state law. Thus, by Order dated January 22, 2015, Plaintiff was directed to inform the court whether he intended to raise any federal claims pursuant to 42 U.S.C. § 1983 or any other federal law, or whether he only intended to pursue state-law-based claims in his case he filed in Greenville County. ECF No. 8. Plaintiff responded that "he is only pursuing claims under the South Carolina Constitution and or other South Carolina laws." ECF No. 11 at 4. Defendants have not filed a response to Plaintiff's submission as of the time of this writing; however, they were not directed to file a response under the January 22nd Order.

II.     DISCUSSION

A defendant in a case in a state court may remove that case to a federal district court only if the state-court action could have been originally filed in a federal district court. 28 U.S.C. § 1441. Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is federal-question jurisdiction under 28 U.S.C. § 1331. A federal district court may consider the issue of its subject-matter jurisdiction at

any time in the process of a case. *See, e.g.,* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Kontrick v. Ryan,* 540 U.S. 443, 455 (2004) (citing *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)) (same); *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008) (same). Various federal courts have held that the removal statutes are to be construed *against* removal jurisdiction, and in favor of remand "[b]ecause removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir.1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)); *see also Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir.1994) ("In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability."); *Cohn v. Charles*, 857 F. Supp.2d 544, 547 (D. Md. 2012) ("Doubts about the propriety of removal are to be resolved in favor of remanding the case to state court."); *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990) (collecting cases holding that removal statutes are to be construed *against* removal jurisdiction, and in favor of remand). The removing party, as the one invoking removal jurisdiction, has the burden of showing that removal was proper. *Mulcahey*, 29 F.3d at 151 ("The burden of establishing federal jurisdiction is placed upon the party seeking removal."). "If federal jurisdiction is doubtful, a remand is necessary." *Id*. Additionally, it is well settled federal law in the removal area that the plaintiff is the master of his complaint. *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005).

Although a federal court is not bound by the parties' characterization of a case, a district court must first look at the plaintiff's state-court complaint to determine if either federal-question

3

or diversity jurisdiction is present. *Lyon v. Centimark Corp.*, 805 F. Supp. 333, 334 (E.D.N.C. 1992). The fact that a complaint is filed by prisoner and the alleged facts arise from prison conditions or from other conditions that resulted in his imprisonment does not invariably show that claims are being made under the federal civil rights statutes (§§ 1981, 1983, 1988) or under the United States Constitution. *See, e.g., Cruel v. Cnty. of Greenville*, 617 F. Supp. 2d 436, 439 (D.S.C. 2007); *Addison v. Charleston Cnty. Pub. Defenders*, No. 4:11-2936-CMC-JDA, 2011 WL 6937608, at *2 (Dec. 8, 2011), *adopted*, 2012 WL 10499 (D.S.C. Jan. 3, 2012); *Brave v. S.C. Highway Dept.*, No. 4:07-3457-HMH-TER, 2008 WL 2001913, *2 (D.S.C. May 06, 2008). As the master of his complaint, even a state prisoner, as here, claiming violations of some of his rights can decide to pursue issues in state court, relying on state law, and without reliance on federal statutes, assuming the rights claimed are also protected by state constitutions, rules, and/or statutes. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 n.7 (1987); *see, e.g., McBrearty v. Ky. Comty., Tech. Coll. Sys.*, No. CIV.A. 06-CV-197KSF, 2006 WL 2583375, *6 (E.D. Ky. Sept. 7, 2006) ("Where a plaintiff chooses to assert only state law claims, recharacterizing it as a federal claim is generally prohibited").

The allegations in Plaintiff's state-court Complaint do not support Defendants' claims of federal subject-matter jurisdiction, and Plaintiff's response to the court's specific inquiry into his intent shows that only state-law-based claims are intended. The federal case citations and references to "amendments" contained in Plaintiff's state-court Complaint primarily appear in connection with legal argument included in the pleading and not in connection with the substantive factual allegations upon which the operative claims against Defendants are based. Also, the same (or very similar) words and phrases such as "right to petition government," "due process," "cruel and unusual punishment," and, "access to courts," while admittedly used in

connection with federal constitutional claims, are also used in various provisions of the South Carolina Constitution, which Plaintiff specifically references as a basis for his Complaint. *See* S.C. Const. art. 1, §§ 2, 3, 14. Under these circumstances, the state-court Complaint and Plaintiff's expressed intent control; this case should be remanded to Greenville County to permit Plaintiff to go forward with his claims. Because Plaintiff specifically renounced any intent to pursue federal claims and no federal subject-matter jurisdiction is evident from the face of the pleadings, this case should be remanded to the Court of Common Pleas for Greenville County without prejudice to Defendants' filing responsive pleadings to Plaintiff's Complaint in state court. *See* 28 U.S.C. § 1447(c); *Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 786 (5th Cir. 1993).

III.     Conclusion

Accordingly, for the foregoing reasons, it is recommended that this matter be remanded to the Court of Common Pleas for the County of Horry *without prejudice* to Defendants' rights to file responses to any of Plaintiff's filings in the state court.

IT IS SO RECOMMENDED.

February 12, 2015                                                                            Kaymani D. West
Florence, South Carolina                                                               United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).