## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

Bobby Jenkins,                                )
                                              )
    Plaintiff                            )
                                              )    No. 5:15-cv-248-RMG
    vs.                                  )
                                              )    **ORDER**
South Carolina Department of Corrections;     )
Brian P. Stirling,                            )
                                              )
    Defendants.                          )
                                              )
_____ )

This matter comes before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge, recommending that the District Court remand this matter to the state court, where it was removed by Defendants. (Dkt. No. 14). The parties were advised that they could file written objections to the R & R within 14 days of service of the R & R and a failure to file timely objections would result in limited review by the District Court and a waiver of the right to appeal the decision of the District Court. (*Id.* at 6). No party timely filed any objections.

When a matter is removed from state to federal court, there must be an initial determination of whether there is federal jurisdiction over the matter. Federal jurisdiction will generally arise under diversity of citizenship pursuant to 28 U.S.C. § 1332 or where there is federal question jurisdiction under 28 U.S.C. § 1331. Although Defendants contend that the Plaintiff's complaint, brought *pro se*, asserts both federal and state law claims, the Magistrate Judge found that only state law claims were alleged or intended by Plaintiff. (*Id.* at 4). Consequently, the Magistrate Judge found that there was no federal jurisdiction over the Plaintiff's claims and that the complaint should be remanded to the Court of Common Pleas of

Greenville County without prejudice to Defendants' filing responsive pleadings to Plaintiff's Complaint in state court. (*Id.* at 5).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a de novo determination of those portions of the R & R to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b). However, as is the case here, where no objections are made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note).

The Court has carefully reviewed the record in this matter and the R & R and concludes that the Magistrate Judge correctly applied the relevant law to the operative facts in this matter. Therefore, the Court **ADOPTS** Section 1 and 2 of the Magistrate Judge's Report and Recommendation (Dkt. No. 14) as the order of this Court and hereby remands this action to the Court of Common Pleas of Greenville County without prejudice to the Defendants' rights to file responses to any of the Plaintiff's filings in the state court.[1]

---

[1] The Magistrate Judge, in what appears to have been a scrivener's error, recommended remand of the action to Horry County in Section 3 of the R & R. A review of the record confirms that remand should be to the Greenville County Court of Common Pleas, as ordered by this Court. (Dkt. No. 1, 1-1 at 3).

**AND IT IS SO ORDERED**.

_____

Richard Mark Gergel
United States District Judge

March ⌣, 2015
Charleston, South Carolina